IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL A. BRYANT, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-52 (MTT) |
| ) | |
| MERRILL LYNCH, PIERCE, FENNER & ) | |
| SMITH, INC., *successor-in-interest to* ) | |
| BANC OF AMERICA INVESTMENT ) | |
| SERVICES, INC., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This matter is before the Court on the Plaintiff's Motion to Compel and Motion to Proceed to Trial as well as Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. successor-in-interest to Banc of America Investment Services, Inc.'s Motion to Compel Arbitration.[1] (Docs. 3, 5, & 6). The Parties have not begun discovery, which means the Plaintiff's Motion to Compel is **DENIED**.

The Plaintiff's Motion to Proceed to Trial is a Motion for Entry of Default or a Motion for Default Judgment. On June 19, 2012, the Court entered a show cause order because there was no evidence in the record that the Defendant had been served. Six days later, the Plaintiff filed the Motion to Proceed to Trial, and attached evidence that he had mailed a request to waive service to the Defendant. The Defendant did not return the request to waive service, but the Defendant expressly waived its insufficient

---

[1] The Plaintiff sued "Bank of America" and "Merrill Lynch Wealth Management." Banc of America Investment Services, Inc. was an investment banking subsidiary of Bank of America before it merged with Merrill Lynch. Thus, Merrill Lynch is the proper defendant.

service of process defense because the Plaintiff's claims are "ultimately subject to a binding pre-dispute arbitration agreement."  (Doc. 6, at 2 n.2).  Accordingly, because there is no evidence the Defendant has been served, the Motion to Proceed to Trial is **DENIED**.

The Plaintiff's Money Manager Customer Agreement and Individual Retirement Account Application both contain mandatory arbitration provisions, and the Plaintiff signed acknowledgements that he agreed to be bound by those terms.  (Doc. 6-1, at 7, 38).  "The preeminent concern of Congress in passing the [Federal Arbitration] Act was to enforce private agreements into which parties had entered, and that concern requires that [courts] rigorously enforce agreements to arbitrate…."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).  The Plaintiff has not put forth any reason why the arbitration agreement is not binding.

Accordingly, the Motion to Compel Arbitration is **GRANTED**.  All claims asserted by the Plaintiff shall be submitted to arbitration.  This action is **STAYED** until arbitration has been completed.

The Defendant also seeks attorney's fees without any citation to any statute or case.  The Defendant's request for attorney's fees is **DENIED**.

**SO ORDERED**, this 10th day of August, 2012.

             S/ Marc T. Treadwell
             MARC T. TREADWELL, JUDGE
             UNITED STATES DISTRICT COURT