IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL A. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-52 (MTT) |
| ) | |
| BANK OF AMERICA and MERRILL ) | |
| LYNCH WEALTH MANAGEMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

This matter is before the Court on the Defendants' motion to lift the stay and dismiss the Plaintiff's complaint. (Doc. 24). On August 10, 2012, the Court entered an Order granting the Defendants' motion to compel arbitration and staying the case pending the outcome of arbitration. (Doc. 9). The Plaintiff subsequently filed a motion for reconsideration (Doc. 10), a motion to compel arbitration at the Defendants' expense in Macon, Georgia (Doc. 13), and a motion for a hearing (Doc. 18), which were all denied. The Court warned the Plaintiff that he "shall proceed with arbitration in accordance with the agreements he signed or face appropriate sanctions." (Doc. 19 at 1). The Plaintiff then filed a notice of appeal on November 6, 2012 (Doc. 20), which the Eleventh Circuit dismissed on January 31, 2013 for lack of jurisdiction (Doc. 22).

Despite further correspondence from the Defendants regarding the liquidation and transfer of his assets, the Plaintiff has still not filed an arbitration claim. The Defendants now move the Court to dismiss the Plaintiff's case pursuant to Fed. R. Civ. P. 41(b). The Plaintiff did not respond to the Defendants' motion.

Rule 41(b) permits a defendant to move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). There is "a two-part analysis for determining when an action should be dismissed as a sanction. There must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citation omitted). Pro se litigants are not excused from complying with the Federal Rules of Civil Procedure or other court orders. *Ozburn v. Engineered Quality Plastics Siegel-Roberts Plastics, Inc.*, 2006 WL 435672, at *3 (M.D. Ga.) (citations omitted).

Here, there is a clear record of willful disregard of the Court's orders. Despite multiple Orders directing the Plaintiff to arbitrate his claims in accordance with the mandatory arbitration provisions in the agreements at issue, the Plaintiff has failed to do so. Furthermore, lesser sanctions are insufficient, as the Court is unwilling to place additional burdens on the Defendants, who have already spent considerable time and effort trying to contact the Plaintiff to proceed to arbitration. While dismissal is an extraordinary remedy, the Plaintiff's continued disregard of the Court's Orders after being warned that he could be subjected to sanctions for failure to arbitrate make dismissal appropriate here. *See id.* (citing *Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989)). Accordingly, the Defendants' motion is **GRANTED**. The stay is lifted, and the Plaintiff's complaint is **DISMISSED with prejudice**.

**SO ORDERED,** this 15th day of May, 2014.

                                               S/ Marc T. Treadwell
                                               MARC T. TREADWELL, JUDGE
                                               UNITED STATES DISTRICT COURT